IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HARMANJIT SINGH,

     Petitioner,

v.                                                                  No. 2:26-cv-00299-KG-GBW

TODD M. LYONS, et al.,

     Respondents.

**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter comes before the Court on Petitioner Harmanjit Singh's Motion to Enforce Judgment, Doc. 11, and the Government's Response in Opposition, Doc. 19.  Petitioner contends that the bond hearing held pursuant to this Court's prior order, Doc. 9, did not comply with the due process requirements set forth in that order.  After reviewing the parties' submissions and a digital audio recording ("DAR") of the hearing, the Court denies the motion to enforce.[1]

## I.  *Background*

Mr. Singh, a 26-year-old citizen of India, entered the United States in 2018 without inspection near Otay Mesa, California.  Doc. 1 at 9.  Mr. Singh "has established a life" and "developed significant ties to the community."  *Id.* at 10.  He has no criminal history.  *Id.*  On January 12, 2026, Immigration and Customs Enforcement ("ICE") detained Mr. Singh and initiated removal proceedings against him.  *Id.* at 10.

On February 20, 2026, the Court concluded that Petitioner's detention violated the Immigration and Nationality Act ("INA") and the Fifth Amendment's Due Process Clause.  Doc. 9 at 2.  The Court ordered the Government to provide a bond hearing within seven days, where the Government had the burden to justify Petitioner's detention by clear and convincing evidence, or else release him.  *Id.* at 5.

---

[1] The DAR of the Bond Hearing (Feb. 24, 2026) is on file with the Court and lodged at Doc. 23 ("Audio Recording").

An immigration judge ("IJ") presided over the hearing on February 24, 2026.  At the outset, the IJ asked the Government: "Are you ready to satisfy your burden, or attempt to satisfy?"  Audio Recording at 1:15–1:19.  The IJ also stated: "It's [the Government's] burden."  *Id.* at 10:16.  The Government presented evidence and argument specific to Petitioner, asserting:  "This individual is a flight risk, as evidenced by his passport stamps.  He did make at least one exit and reentry into India which undermines his asylum claim."  *Id.* at 13:43–14:23.  The Government also argued that Petitioner's asylum application was conclusory and unlikely to succeed.  *Id.*  The IJ denied bond, concluding that Petitioner poses a flight risk because he:

> left India in 2016 as per his passport when asked where he went [he] did not provide a truthful response.  He then returned to India and then fled to the United States.  The return trip to his home country suggest to the court that his fear is less than genuine.  He has a speculative form of relief, his manner of entry and lack of candor to the court all come together to form clear and convincing evidence that [he] is a flight risk that no amount of bond can alleviate.

Doc. 11-2 at 1.

Petitioner moves to enforce the Court's prior order.  *See generally* Doc. 11.  He argues that the Immigration Judge ("IJ") failed to meaningfully consider the record and that the IJ's final order "identifies no concrete, record-based evidence" supporting the denial of bond.  *Id.* at 3–6.  Petitioner therefore contends that the IJ failed to shift the burden to the Government.  *Id.*

## II.    *Analysis*

The Court concludes that (A) it has jurisdiction to consider Petitioner's claim, and (B) the bond proceeding complied with this Court's prior order.

### A.    The Court has jurisdiction to consider Petitioner's motion.

Before reaching the merits, the Court must address the Government's argument that it lacks jurisdiction to consider Petitioner's claim.  *See Tuck v. United Services Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988) (a federal court has an independent obligation to assure itself of subject matter jurisdiction).  "The Attorney General's discretionary judgment regarding the application of" 8 U.S.C. § 1226 is "not...subject to review," and "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien."  § 1226.  But § 1226(e) does not eliminate "habeas jurisdiction over constitutional claims or questions of law."  *Hernandez v. Sessions*, 872 F.3d 976, 987 (9th Cir. 2017).  Accordingly, §1226(e) does not strip federal courts of jurisdiction to consider "constitutional challenge[s]" to the "procedures adopted by the Attorney General for all detention decisions under § 1226(a)."  *Miranda*, 34 F.4th at 352.  This framework also reflects a district court's authority to ensure compliance with its own habeas orders.  *See Hechavarria v. Whitaker*, 358 F. Supp. 3d 227, 235–36 (W.D.N.Y. 2019) (stating that, when addressing a motion to enforce a prior order granting conditional habeas relief, "the Court is not reviewing a discretionary judgment of the IJ under § 1226," but "determining whether the order it issued...was followed").  Under these principles, the Court has jurisdiction to determine whether the IJ complied with the due process requirements here.  Petitioner raises a constitutional claim that the IJ failed to follow the due process requirements set forth by this Court when denying bond.

### B.    The bond hearing comported with due process.

Petitioner's bond hearing satisfied the due process requirements set forth in this Court's prior order.  Under ordinary circumstances, "the burden" at a § 1226 bond hearing "is on the noncitizen" to show that detention is unwarranted.  *Salazar v. Dedos*, 2025 WL 2676729, at *3 (D.N.M.).  In granting Petitioner's habeas petition, however, this Court held that due process required shifting that burden to the Government.  Doc. 9 at 4–5.

The record demonstrates that the bond hearing comported with the Court's directive.  During the hearing, the IJ placed the burden on the Government, asking, "Are you ready to satisfy your burden, or attempt to satisfy?" and confirming that "It's [the Government's] burden."  Audio Recording at 1:15–1:19, 1:32–1:33.  The Government then presented evidence and argument specific to Petitioner, asserting that: "This individual is a flight risk, as evidenced by his passport stamps.  He did make at least one exit and reentry into India which undermines his asylum claim."  *Id.* at 13:43–14:23.  The Government further argued that Petitioner's asylum application was conclusory and unlikely to establish eligibility for relief.  *Id.*  Therefore, the record reflects that the burden was placed on the Government and that the Government presented evidence and argument in support of its position.

To the extent Petitioner contends that the IJ failed to identify "concrete, record-based evidence" or did not meaningfully weigh the record, Doc. 11 at 3–6, those arguments challenge the sufficiency of the evidence, not the procedures employed at the hearing.  The Court's review is limited to whether the procedures required by due process were afforded; it does not extend to reweighing the evidence or revisiting the IJ's discretionary determination.  Petitioner may challenge the substance of the bond decision through the Board of Immigration Appeals.

### III.     Conclusion

Petitioner's Motion to Enforce this Court's prior habeas order is denied.

IT IS SO ORDERED

/s/Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document.  Electronically filed documents can be found on the Court's PACER public access system.