IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HARMANJIT SINGH,

     Petitioner,

v.                                     2:26-cv-00299-KG-GBW

DORA CASTRO, et al.,

     Respondents.

## **MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Harmanjit Singh's Motion to Alter Judgment or Amend, Doc. 27, and the Government's Response in Opposition, Doc. 29. The Court denies the motion for the reasons below.

Mr. Singh, a 26-year-old citizen of India, entered the United States in 2018 without inspection near Otay Mesa, California. Doc. 1 at 9. Mr. Singh "has established a life" and "developed significant ties to the community." *Id.* at 10. He has no criminal history. *Id.* On January 12, 2026, Immigration and Customs Enforcement ("ICE") detained Mr. Singh and initiated removal proceedings against him. *Id.* at 10.

On February 20, 2026, the Court concluded that Petitioner's detention violated the Immigration and Nationality Act ("INA") and the Fifth Amendment's Due Process Clause. Doc. 9 at 2. The Court ordered the Government to provide a bond hearing within seven days, where the Government had the burden to justify Petitioner's detention by clear and convincing evidence, or else release him. *Id.* at 5.

Following that ruling, an immigration judge ("IJ") conducted a bond hearing and denied bond. *See* Doc. 11-2. Petitioner then moved to enforce the Court's prior order, arguing that the IJ failed to meaningfully apply the Court's burden-shifting standard, Doc. 11, but the Court denied that motion. Doc. 26. Petitioner now moves to amend that order pursuant to Federal Rule of Civil Procedure 59(e). Doc. 27 at 1. The Government opposes the motion. Doc. 29.

1

The Tenth Circuit recognizes only certain grounds for granting a Rule 59(e) motion, including: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A Rule 59(e) motion "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* "Rule 59(e) motions are not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Castanon v. Cathey*, 976 F.3d 1136, 1141 (10th Cir. 2020) (citation omitted). The decision to grant or deny a Rule 59(e) motion is left to the sound discretion of the trial court. *See Minshall v. McGraw Hill Broadcasting Co.*, 323 F.3d 1273, 1287 (10th Cir. 2003).

Petitioner does not identify any basis for reconsideration under Rule 59(e). He does not point to any intervening change in controlling law, newly discovered evidence, or clear error in the Court's prior order. Instead, the motion reasserts arguments previously raised and rejected—that the IJ failed to apply the Court's burden-shifting framework at the bond hearing. *See generally* Doc. 27. The Court considered and rejected that contention in denying Petitioner's motion to enforce. *See* Doc. 26. A motion for reconsideration is not a vehicle to rehash arguments already presented. *Castanon*, 976 F.3d at 1141. Because Petitioner's motion does not meet the limited grounds for relief under Rule 59(e), it is denied.

IT IS SO ORDERED

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.

2